DECISION AND JUDGMENT ENTRY
This accelerated appeal comes to us from an order of the Huron County Court of Common Pleas. There, the common pleas court vacated its own prior order as having been improvidently granted.
In 1997, fire damaged a Monroeville commercial building owned by appellant, Lawrence Gfell. In 1999, appellee, Village of Monroeville, acting pursuant to its village ordinances, ordered appellant to repair the fire damage or demolish the building within sixty days. When appellant failed to do so, appellee instituted a suit in the Norwalk Municipal Court, seeking that the structure be declared a public nuisance and that the court order appellant to abate the nuisance. The matter was subsequently transferred to the Huron County Court of Common Pleas.
On April 21, 2000, the trial court approved a consent order between the parties. That order declared the property a "public nuisance" and gave appellee authority to abate the nuisance and sell the property to cover the cost of abatement.
On October 2, 2000, appellee moved to temporarily suspend the April 21 "order of demolition" in order to explore an offer from an individual interested in rehabilitating the structure. The trial court granted the motion on October 3, 2000, but negotiations for rehabilitation were not fruitful. On November 28, 2000, appellee moved to reinstate the April order. Appellant opposed this motion and requested a hearing on the matter.
On December 19, 2000, the trial court vacated its order suspending the April judgment. The court noted that nothing in the April order required appellee to demolish the property. According to the court, the October 3 order suspending that effect was unnecessary. The court, therefore, decided that the October 3 order was consequently improvident.
From this order, appellant brings this appeal, asserting in three assignments of error that (1) the trial court's order vacating the October 3 order was an abuse of discretion, (2) the court erred in determining that the April order prohibited appellant from selling the property, and (3) the April order was contrary to village ordinances.
In his third assignment of error, appellant attacks the April 2000 judgment. However, that order contained language pursuant to Civ.R. 54(B) and was, therefore, immediately appealable. An attack on that judgment is now untimely. App.R. 4. Accordingly, we sua sponte strike appellant's third assignment of error.
In the remaining assignments of error, appellant misconstrues the import of the court's December 2000 order. The court reexamined its April 21 order and determined there was nothing in the order which required the village to demolish the building at issue. Therefore, the court concluded that its October order (suspending the order of demolition) was superfluous.
As we have previously noted, a court is in the best position to interpret its own orders. Lehnert v. Horne (Sept. 11, 1998), Wood App. No. WD-98-027, unreported; National City Bank Northwest v.Ledgard,(Sept. 22, 1995), Lucas App. No. L-94-352, unreported. In this matter, the trial court's determination is reasonable given a fair reading of the two orders. Consequently, the court properly vacated the October stay. Accordingly, appellant's first assignment of error is not well-taken.
The trial court noted in its judgment entry of December 2000 that the April judgment created a cloud on the title of the property. That accurate observation in no way prohibited the sale of the property — providing, of course, that appellant could find a buyer willing to accept such a cloud on its title. Absent the determination of which appellant complains (that being, that he was prevented from selling the property), appellant's second assignment of error is likewise not well-taken.
The judgment of the Huron County Court of Common Pleas is affirmed. Costs to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., Peter M. Handwork, J. and Melvin L. Resnick, J. CONCUR.